IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK W. BAUER, | ) | |
| BOP ID # 02706-090, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:15-CV-080-M (BH) |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received January 12, 2015 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** under 28 U.S.C. § 1915(g) unless the plaintiff timely pays the requisite filing fee and provides a completed civil rights complaint form.

**I. BACKGROUND**

Frederick W. Bauer (Plaintiff), a federal prisoner currently incarcerated in FCI-Texarkana, was convicted in the United States District Court for the Western District of Wisconsin of federal tax and drug law violations and sentenced to thirty years of imprisonment. (doc. 3 at 3.)[1] He purports to bring claims against unnamed Bureau of Prisons officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1651, based on the calculation of his time credits and an alleged pattern of retaliatory actions, and he seeks monetary damages. (*Id.* at 1, 5-7, 24.)[2]

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff initiated this action by filing a form petition seeking relief under 28 U.S.C. § 2241. (*See* doc. 3.) The bulk of the § 2241 petition challenges the BOP's failure to give him credit towards his sentence. (doc. 3, at 1-4, 8-24.) Because this district lacks jurisdiction, Plaintiff's § 2241 claims were transferred to the district where he is

## II. THREE STRIKES

As a prisoner in the federal prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has previously been found to have accumulated three strikes. *See Bauer v. United States Department of Justice, et al.*, No. 1:03-CV-12576-WGY (D. Mass. February 25, 2004) ("A review of Bauer's litigation history reveals that on three or more occasions, including the instant action, civil non-habeas actions or appeals filed by him have been dismissed as frivolous, malicious, or for failure to state a claim").[3] He may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing.

## III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C.

---

incarcerated, the Eastern District of Texas - Texarkana Division, by separate order.

[3] The federal court PACER system lists over 50 suits filed under the name Frederick W. Bauer. Examples of cases where he received strikes are *Bauer v. Department of Defense,* C.A. No. 91-01182-JHY (D. Md. 1991)*, aff'd,* (4th Cir. 1992); *Bauer v. Dane County, et al.,* C.A. No. 97–1841, *appeal dismissed*, 98-7065 (D.C. Cir. 1999); and *Bauer v. Attorney General*, C.A. No. 02-3966 (8th Cir. 2003).

§ 1915(g) unless he pays the full filing fee of $400.00[4] and submits a completed civil-rights complaint form, prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

The Clerk's Office shall forward to Plaintiff a copy of the form for filing a complaint under 42 U.S.C. § 1983.[5]

**SIGNED this 20th day of January, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

[5] The form for a civil rights action under 42 U.S.C. § 1983 also provides the necessary information for a *Bivens* suit.