## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK W. BAUER, | ) | |
| BOP ID # 02706-090, | ) | |
|        Plaintiff, | ) | |
| vs. | ) | No. 3:15-CV-080-M (BH) |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | Referred to U.S. Magistrate Judge |
|        Defendant. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management. Before the Court is the plaintiff's *Supplement to Combined Habeas/Bivens Redress*, received March 23, 2015 (doc. 10). Based on the relevant filings and applicable law, the filing is liberally construed as a post-judgment motion for leave to amend and/or motion for relief from judgment under Fed. R. Civ. P. 60(b), and it should be denied.

### I.  BACKGROUND

Frederick W. Bauer (Plaintiff), a federal prisoner currently incarcerated in FCI-Texarkana, was convicted in the United States District Court for the Western District of Wisconsin of federal tax and drug law violations and sentenced to thirty years of imprisonment. (doc. 3 at 3.)[1] In his original pleading, he asserted claims against unnamed Bureau of Prisons officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1651, based on the calculation of his time credits and an alleged pattern of retaliatory actions, and he seeks monetary damages. (*Id.* at 1, 5-7, 24.)[2] Plaintiff has previously been found to have

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff initiated this action by filing a form petition seeking relief under 28 U.S.C. § 2241. (*See* doc. 3.) The bulk of the § 2241 petition challenges the BOP's failure to give him credit towards his sentence. (doc. 3, at 1-4, 8-24.) Because this district lacks jurisdiction, Plaintiff's § 2241 claims were transferred to the district where he is

accumulated three strikes. *See Bauer v. United States Department of Justice, et al.*, No. 1:03-CV-12576-WGY (D. Mass. February 25, 2004) ("A review of Bauer's litigation history reveals that on three or more occasions, including the instant action, civil non-habeas actions or appeals filed by him have been dismissed as frivolous, malicious, or for failure to state a claim").[3] By order and judgment entered on March 17, 2015, the Court dismissed this case as barred by the "three-strikes" provision of 28 U.S.C. § 1915(g), which provides that he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. (See docs. 8, 9.) Plaintiff has now filed a post-judgment supplement to his original pleading.

## II.  ANALYSIS

Plaintiff's supplemental filing may be liberally construed as a post-judgment motion for leave to amend his original complaint. A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Fed. R. Civ. P. 59 or 60, and it should be denied unless a plaintiff clearly establishes that he could not have raised the new evidence or argument prior to judgment. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Here, Plaintiff has failed to show that he could not have presented any new evidence and argument in his initial complaint. Any post-judgment motion for leave to amend is therefore subject to denial, even if Plaintiff could meet the requirements for relief under Rule 60.

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

---

incarcerated, the Eastern District of Texas - Texarkana Division, by separate order.

[3]  The federal court PACER system lists over 50 suits filed under the name Frederick W. Bauer. Examples of cases where he received strikes are *Bauer v. Department of Defense,* C.A. No. 91-01182-JHY (D. Md. 1991)*, aff'd,* (4th Cir. 1992); *Bauer v.  Dane County, et al.,* C.A. No. 97–1841, *appeal dismissed*, 98-7065 (D.C. Cir. 1999); and *Bauer v. Attorney General*, C.A. No. 02-3966 (8th Cir. 2003).

discovered evidence that with reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Plaintiff does not allege mistake or fraud, and he does not assert that the judgment is void or that it has been reversed or vacated.  Even if his filing is construed as alleging that the judgment should be vacated based on newly discovered evidence, he does not cite to any new evidence that would relate to the determination that he previously received three qualifying dismissals that bar him from proceeding under 28 U.S.C. § 1915(g). Plaintiff has not submitted newly discovered evidence that calls the judgment in this case into question.

The plaintiff has also not shown that he is entitled to relief from judgment under Rule 60(b)(6) for any other reason.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion under 60(b)(6): (1) that final judgments should not  lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Plaintiff has not set forth any new facts that relate to the basis for dismissal of this case. He has therefore not shown that he is entitled to relief from the judgment.

### III.  RECOMMENDATION

Plaintiff's "*Supplement to Combined Habeas/Bivens*" should be liberally construed as a post-judgment motion for leave to amend his complaint and/or as a motion for relief from judgment under Rule 60(b), and it should be **DENIED**.

**SIGNED this 24th day of March, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE