IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK W. BAUER, | ) | |
| BOP ID # 02706-090, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:15-CV-080-M (BH) |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management. Before the Court is the plaintiff's *Motion for Reconsideration Due to Fraud on Vets Process-Redress [28 U.S.C. R. 60(b) & (b)(3),(4) & (6)]* received on April 3, 2015 (doc. 12), and the *Second Supplement FOIA/PA Complaint-Redress Process [Title 28 USC § 1361 & 5 USC § 702]*, received May 6, 2015 (doc. 15). Based on the relevant filings and applicable law, the motion for reconsideration should be denied, and the second supplemental complaint should be liberally construed as a post-judgment motion for leave to amend and/or motion for relief from judgment under Fed. R. Civ. P. 60(b), and it should also be denied.

**I. BACKGROUND**

Frederick W. Bauer (Plaintiff), a federal prisoner currently incarcerated in FCI-Texarkana, was convicted in the United States District Court for the Western District of Wisconsin of federal tax and drug law violations and sentenced to thirty years of imprisonment. (doc. 3 at 3.)[1] In his original pleading, he asserted claims against unnamed Bureau of Prisons officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

§ 1651, based on the calculation of his time credits and an alleged pattern of retaliatory actions, and he seeks monetary damages. (*Id.* at 1, 5-7, 24.)[2]  Plaintiff was found to have accumulated three strikes. *See Bauer v. United States Department of Justice, et al.*, No. 1:03-CV-12576-WGY (D. Mass. February 25, 2004) ("A review of Bauer's litigation history reveals that on three or more occasions, including the instant action, civil non-habeas actions or appeals filed by him have been dismissed as frivolous, malicious, or for failure to state a claim").[3]  By order and judgment entered on March 17, 2015, this case was dismissed as barred by the "three-strikes" provision of 28 U.S.C. § 1915(g). (See docs. 8, 9.)

After entry of the final judgment, Plaintiff filed a *Supplement to Combined Habeas/Bivens Redress*, received March 23, 2015 (doc. 10).  On April 20, 2015, the court liberally construed his filing as a post-judgment motion for leave to amend and/or motion for relief from judgment under Fed. R. Civ. P. 60(b), and denied it. (docs. 11, 14.)  Plaintiff has again filed a motion for reconsideration and another second supplement to the complaint.

## II.  RULE 60(b)

**A.     Motion for Reconsideration**

Plaintiff seeks relief under Rule 60(b) (3), (4), and (6).  Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1)

---

[2] Plaintiff initiated this action by filing a form petition seeking relief under 28 U.S.C. § 2241. (*See* doc. 3.) The bulk of the § 2241 petition challenges the BOP's failure to give him credit towards his sentence. (doc. 3, at 1-4, 8-24.)  Plaintiff's § 2241 claims were transferred to the district where he is incarcerated, the Eastern District of Texas - Texarkana Division, for lack of jurisdiction. (*See* doc. 5.)

[3] The federal court PACER system lists over 50 suits filed under the name Frederick W. Bauer. Examples of cases where he received strikes are *Bauer v. Department of Defense,* C.A. No. 91-01182-JHY (D. Md. 1991), *aff'd,* (4th Cir. 1992); *Bauer v. Dane County, et al.,* C.A. No. 97–1841, *appeal dismissed*, 98-7065 (D.C. Cir. 1999); and *Bauer v. Attorney General*, C.A. No. 02-3966 (8th Cir. 2003).

2

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  *See* Fed. R. Civ. P. 60(b)(1)-(6).

Plaintiff contends that the judgment in this case was obtained by fraud because the order accepting the recommendation of dismissal and judgment were not actually signed by this Court, but only stamped with an electronic signature.  This specific argument has been rejected. *See generally Rogerson v. United States,* No. CIV 08-5060, 2010 WL 2028090, at * 6 (D. S.D. May 21, 2010) (rejecting 60(b) challenge to a judge's order being void on the basis of an electronic signature by noting: "[t]he federal and local rules both provide that documents may be signed electronically. Therefore, the electronic signature of Judge Bogue on the order dismissing Rogerson's complaint does not render the order void").  The use of an electronic signature does not render the order and judgment void.

Otherwise, Plaintiff's 60(b) motion merely re-asserts his general challenges to how his many prior federal suits challenging his underlying criminal convictions have been resolved, and complains that he has not been given notice of the referenced "strikes" that he previously received under 28 U.S.C. § 1915(g).  The  January 20, 2015 findings, conclusions, and recommendation specifically noted a 2004 order finding that Plaintiff had previously obtained three strikes and examples of those prior strikes. (doc. 6, at 2 n.3.)   He has provided no facts to challenge those findings and conclusions, and the motion for reconsideration under Rule 60(b) should be denied.

3

**B.     Second Supplemental Complaint**

Plaintiff's second supplemental filing may also be liberally construed as a post-judgment motion for leave to amend his original complaint. A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Fed. R. Civ. P. 59 or 60, and it should be denied unless a plaintiff clearly establishes that he could not have raised the new evidence or argument prior to judgment. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Here, Plaintiff has failed to show that he could not have presented any new evidence and argument in his initial complaint. Any post-judgment motion for leave to amend is therefore subject to denial, even if he could meet the requirements for relief under Rule 60(b).

In his supplemental filing, Plaintiff now claims: "In Fraud, DOJ U.S. Attorneys [Tyler, TX] submitted false information to the local Kangaroo Court, by design to influence "it" to deny VETS habeas redress based on a pattern of unlawful corruption in violation of VETS fundamental and substantial rights." (Doc. 15, at 2.) He does not provide any specific facts to support this allegation and is once again attempting to raise claims unrelated to the determination that he is barred by three-strikes under 28 U.S.C. § 1915(g).

Furthermore, Plaintiff has also not shown that he is entitled to relief from judgment under Rule 60(b)(6) for any other reason. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion under 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of

4

the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Plaintiff has not set forth any new facts that relate to the basis for dismissal of this case. He has therefore not shown that he is entitled to relief from the judgment. To the extent Plaintiff seeks to raise new claims, he must file a new civil action and pay the applicable filing fees.

### III. SANCTIONS

Plaintiff may not proceed in this action without prepayment of fees because he is three-strikes barred under 28 U.S.C. § 1915(g). In spite of this fact, he has repeatedly filed post-judgment motions and pleadings. He should be warned that if he filed anything further in this case, other than a notice of appeal, he could be subject to the imposition of sanctions.

### IV.  RECOMMENDATION

Plaintiff's April 3, 2015 *Motion for Reconsideration Due to Fraud on Vets Process-Redress [28 U.S.C. R 60(b) & (b)(3), (4) & (6)]* should be **DENIED,** and the May 6, 2015 *" Second Supplement FOIA/PA Complaint Redress Process [Title 28 U.S.C. 1361 & 5 USC 702],"* should be construed as another motion for post-judgment relief and **DENIED.** Plaintiff should be warned that if he files anything further in this case, other than a notice of appeal, he will be subject to the imposition of sanctions.

**SIGNED this 18th day of May, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE